FILED'08 APR 22 11:26usdc-orp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    05-CR-357-BR

        Plaintiff,                         OPINION AND ORDER

v.

LESHAWN ALBERT BARR,

        Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**PAMALA R. HOLSINGER**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1030

       Attorneys for Plaintiff

**LESHAWN ALBERT BARR**
No. 62688-065
Sheridan Federal Correctional Institution
P.O. Box 5000
Sheridan, OR  97378

       Defendant, *Pro Se*


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Leshawn Albert Barr's Motion for Relief from Judgment (#23) under Federal Rule of Civil Procedure 60(b)(3). For the reasons that follow, the Court **DENIES** Defendant's Motion with leave for Defendant to ask the Court to reconsider the merits of the Motion under 28 U.S.C. § 2255 as herein specified.

## BACKGROUND

On September 9, 2005, a federal grand jury indicted Defendant for one count of Felon in Possession of a Firearm in violation of 21 U.S.C. § 922(g)(1).

On January 31, 2006, Defendant pled guilty plea on the charge of Felon in Possession of a Firearm.

On May 24, 2006, the Court sentenced Defendant to a 37-month term of imprisonment and a three-year term of supervised release.

On February 28, 2008, Defendant filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(3) seeking a new trial on the grounds of "fraud on the Court" involving his "defective indictment."

## DISCUSSION

Federal Rule of Civil Procedure 1 provides in pertinent part that the Rules of Civil Procedure, including Rule 60(b)(3),

"govern the procedure in all *civil* actions and proceedings in the United States district courts." Emphasis added. Defendant, however, seeks a new trial in his criminal action rather than relief in a civil matter. Accordingly, the procedural mechanism under which Defendant seeks relief is not applicable to this matter. *See* United States v. Richmond, No. 03-370-KI, 2007 WL 2729474, at *1 (D. Or. Sept. 14, 2007)(citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). The Supreme Court has held, however,

> when a court recharacterizes a pro se litigant's motion as a . . . § 2255 motion[,] . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id.* at 383.

Accordingly, the Court directs Defendant to advise the Court in writing by May 16, 2008, whether he would like the Court to

3 - OPINION AND ORDER

construe his Motion for Relief from Judgment under Rule 60(b)(3)

as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to

28 U.S.C. § 2255.

If Defendant elects to have his Motion under Rule 60(b)(3)

treated as a Motion to Vacate, Set Aside, or Correct Sentence

pursuant to § 2255, the Court advises as follows:

28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be
> required to entertain an application for a
> writ of habeas corpus to inquire into the
> detention of a person pursuant to a judgment
> of a court of the United States if it appears
> that the legality of such detention has been
> determined by a judge or court of the United
> States on a prior application for a writ of
> habeas corpus, except as provided in section
> 2255.

Section 2255 provides:

> A second or successive petition or motion
> must be certified as provided in section 2244
> by a panel of the appropriate court of
> appeals to contain-

> (1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a
> whole, would be sufficient to establish by
> clear and convincing evidence that no
> reasonable factfinder would have found the
> movant guilty of the offense; or

> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by
> the Supreme Court, that was previously
> unavailable.

Under 28 U.S.C. §§ 2244(a) and 2255, therefore, the Court may not

consider a successive § 2255 motion without first receiving

4 - OPINION AND ORDER

authorization from the Court of Appeals for the Ninth Circuit. Accordingly, if Defendant elects to have the Court construe his Motion for Relief from Judgment as one to vacate or to set aside the Judgment pursuant to § 2255, he will foreclose his ability to bring a second or successive motion pursuant to § 2255 after the Court has decided his Motion unless he first obtains authorization from the Ninth Circuit.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Barr's Motion for Relief from Judgment (#23) under Federal Rule of Civil Procedure 60(b)(3), and directs Defendant to advise the Court in writing by May 16, 2008, whether the Court should construe his Motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED this 22nd day of April, 2008.

ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER