FILED'08 JUL 15 16:32 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                     05-CR-357-BR

       Plaintiff,                            OPINION AND ORDER

v.

LESHAWN ALBERT BARR,

       Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**PAMALA R. HOLSINGER**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1030

       Attorneys for Plaintiff

**LESHAWN ALBERT BARR**
No. 62688-065
Sheridan Federal Correctional Institution
P.O. Box 5000
Sheridan, OR  97378

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

On September 9, 2005, a federal grand jury indicted Defendant on one count of Felon in Possession of a Firearm in violation of 21 U.S.C. § 922(g)(1). On January 31, 2006, Defendant pled guilty. On May 24, 2006, the Court sentenced Defendant to a 37-month term of imprisonment and a three-year term of supervised release.

On February 28, 2008, Defendant filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(3) seeking a new trial on the grounds of "fraud on the Court" involving his "defective indictment."

On April 22, 2008, the Court issued an Opinion and Order in which it denied Defendant's Motion for Relief from Judgment with leave for Defendant to ask the Court to reconsider the merits of the Motion under 28 U.S.C. § 2255. Defendant did not ask the Court to reconsider the merits of his Motion.

On June 3, 2008, Defendant appealed the Court's Opinion and Order to the Ninth Circuit. On June 20, 2008, the Ninth Circuit issued an Order in which it noted Defendant had filed his Notice of Appeal more than ten court days after entry of this Court's Opinion and Order, but within 30 calendar days from the expiration of the time to file a notice of appeal. The Ninth Circuit, therefore, remanded this matter to the district court

> for the limited purpose of permitting the district court to provide appellant notice and an

> opportunity to request that the time for filing
> the notice of appeal be extended for a period not
> to exceed 30 calendar days from the expiration of
> the time for filing a notice of appeal based on a
> showing of excusable neglect.

## DISCUSSION

"In a criminal case, the district court has discretion under [Federal Rule of Appellate Procedure] 4(b) to grant an extension of time [for filing a notice of appeal] upon finding 'excusable neglect.'" *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 212 (9th Cir. 1990). Federal Rule of Appellate Procedure 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In cases such as this one in which a prisoner seeks to appeal *pro se*, the Supreme Court and Ninth Circuit have held "a notice of appeal filed by an incarcerated prisoner, after the time for filing a notice of appeal had run, [is] timely if the appellant 'did all he could do under the circumstances' to file his appeal within ten days." *Prairie Pharmacy*, 921 F.2d at 213 (quoting *Fallen v. United States*, 378 U.S. 139, 144 (1964), and citing *United States v. Houser*, 804 F.2d 565 (9th Cir. 1986)).

In *Houser*, trial counsel promised the incarcerated defendant that he would represent defendant in filing a notice of appeal,

3 - OPINION AND ORDER

but counsel failed to do so. 804 F.2d at 569. When the defendant was informed his trial counsel had not filed a notice of appeal, the defendant filed a motion for leave to file a late notice *pro se*. *Id*. The Ninth Circuit concluded the defendant did all he could do to file a timely appeal under the circumstances, and, therefore, the court found excusable neglect. *Id*. *See also Houston v. Lack*, 487 U.S. 266, 270 (1988)(Court granted extension to *pro se* prisoner who delivered a timely notice of appeal to prison authorities even though the notice was not received by the Court until after the time limit); *Hostler v. Groves*, 912 F.2d 1158, 1161 (9th Cir. 1990)(applying *Houston* "to notices of appeal filed in non-habeas civil cases by incarcerated prisoners acting pro se."); *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir. 1984)(court concluded a federal inmate who mailed his notice of appeal four days after he received the sentencing order "did all that reasonably could be expected.").

The Court, therefore, directs Defendant to advise the Court in writing no later than August 4, 2008, whether he requests the Court to extend the time for filing his Notice of Appeal and, if so, to provide the Court with an explanation for his failure to file his Notice of Appeal within the ten (10) days required by Federal Rule of Appellate Procedure 4. If Defendant does not establish excusable neglect, there will not be any basis for the Court to consider whether to extend the time for Defendant to

4 - OPINION AND ORDER

file a notice of appeal in this matter.

## CONCLUSION

For these reasons, the Court directs Defendant to advise the Court in writing **no later than August 4, 2008**, whether he requests the Court to extend the time for filing his Notice of Appeal and, if so, to provide the Court with an explanation for his failure to file a notice of appeal within the ten (10) days required by Federal Rule of Appellate Procedure 4.

IT IS SO ORDERED.

DATED this 15th day of July, 2008.

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER